# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

HUMBERTO MANRIQUEZ-VAZQUEZ

**CRIMINAL COMPLAINT**

CASE NUMBER: 08CR 214

MAGISTRATE JUDGE ASHMAN

FILED
KC
3-13-08
MAR 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, Michael G. Haught, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __March 11, 2008__ in __Lake__ county, in the __Northern__ District of __Illinois__ defendant(s) did, (Track Statutory Language of Offense)

knowingly possess a document-making implement, namely a laminating machine, a cutter, and computer hardware and software configured and primarily used for making false identification documents, with the intent that such document-making implement would be used in the production of a false identification document; namely, permanent resident cards that appear to be issued by and under the authority of the United States;

in violation of Title __18__ United States Code, Section(s) __1028(a)(5)__.

I further state that I am a(n) __Special Agent with the Bureau of Immigration and Customs Enforcement__ and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof:  X  Yes        No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

3-13-08
MAR 13 2008
Date

at  Chicago, Illinois
    City and State

_____
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )

I, Michael G. Haught, being duly sworn, deposes, and states as follows:

1.  I am a Special Agent (SA) of the United States Immigration and Customs Enforcement (ICE). I have been so employed for approximately 2 years. For the last year and a half, I have been assigned to the Document Fraud Group, Chicago Office, and have been involved in numerous counterfeit document investigations as well as search warrant executions related to counterfeit document production. As a Special Agent, I have received training in the investigation of counterfeit document manufacturing and production. As part of my responsibilities with ICE, I investigate violations of federal criminal laws, including violations of Title 18, United States Code, Section 1028.

2.  This affidavit is submitted in support of a criminal complaint charging HUMBERTO MANRIQUEZ-VAZQUEZ with the offense of knowingly possessing a document-making implement with the intent such document-making implement will be used in the production of a false identification document in violation of Title 18, United States Code, Section 1028(a)(5).

3.  The information contained in this affidavit is based on my personal knowledge as well as information provided to me by other law enforcement officers, including the Mudelein Police Department (MPD), and other ICE Agents. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the complaint, this affidavit does not set forth each and every fact I have learned during this investigation.

4.  In an interview with MPD and ICE as described below in paragraph 8, MANRIQUEZ-VAZQUEZ admitted he was born in Mexico City, Mexico on May 22, 1972. Based on a check of

records maintained by ICE, MANRIQUEZ-VAZQUEZ does not have immigration status in the United States and does not possess a valid social security number. MANRIQUEZ-VAZQUEZ admitted he is in United States illegally and does not have an INS or Social Security number. According to Mr. MANRIQUEZ-VAZQUEZ, he came into the country in March 1999, at or near El Paso, Texas.

5. On Tuesday, March 11, 2008, MPD received information that MANRIQUEZ-VAZQUEZ was selling and manufacturing fictitious driver's licenses, ID Cards, Social Security Cards and permanent resident alien cards from his apartment located at 42 S. Shaddle Apt #214. On that same day, an undercover MPD officer called and spoke to MANRIQUEZ-VAZQUEZ and arranged to purchase an Illinois Driver's License and a Social Security Card. The undercover MPD officer stated that at approximately 6:30 p.m. he met MANRIQUEZ-VAZQUEZ in the parking lot of Armando's Sunrise Food Market, 325 N. Seymour, Mundelein, IL, where the undercover officer provided MANRIQUEZ-VAZQUEZ with the name and address he wanted to appear on the Illinois Driver's License and Social Security Card. MANRIQUEZ-VAZQUEZ informed the undercover officer that he would charge $90.00 for both cards and took the undercover officer's digital photograph. MANRIQUEZ-VAZQUEZ told the undercover officer that he would make the documents as soon as he returned home and that MANRIQUEZ-VAZQUEZ would phone the undercover when the documents were ready.

6. At approximately 9:15 on the evening of March 11, 2008, MANRIQUEZ-VAZQUEZ phoned the undercover officer and informed him that the documents were ready. The undercover officer asked MANRIQUEZ-VAZQUEZ where he wanted to meet, and MANRIQUEZ-VAZQUEZ stated that he wanted to meet in the parking lot of Walgreen's, 345 N. Lake St.,

Mudelein, IL. The undercover officer drove to the parking lot at approximately 9:25 p.m. and met MANRIQUEZ-VAZQUEZ approximately 2 minutes later. The undercover officer met MANRIQUEZ-VAZQUEZ in the rear seat of MANRIQUEZ-VAZQUEZ's vehicle where the undercover officer handed MANRIQUEZ-VAZQUEZ $90.00 USC and MANRIQUEZ-VAZQUEZ handed the undercover officer an Illinois Driver's License with the information the undercover officer had requested on it. At that point, the MPD placed MANRIQUEZ-VAZQUEZ under arrest for producing false documents and transported him to the MPD.

7. Following his arrest, at approximately 9:44 p.m., MANRIQUEZ-VAZQUEZ was read his Miranda Rights in Spanish, MANRIQUEZ-VAZQUEZ's native language, and waived them in writing. At approximately 9:47 p.m., MANRIQUEZ-VAZQUEZ gave MPD officers written consent in Spanish to the search of his: apartment at 42 S. Shaddle Ave., #214, Mudelein, IL.; vehicle; camera; phone; and personal computer. During the search, MPD officers recovered numerous identification documents including: various state identification, permanent resident cards, and social security cards which ICE agents identified as false or counterfeit based upon their knowledge and experience concerning the standards for the production of such cards and the presence in the apartment of several cards in various stages of completion; a personal computer; a digital camera; a scanner; a laminating machine; a cutter for such material; as well as several blank counterfeit permanent resident cards also known as a "green cards." From my experience and training as a Special Agent, I know that these materials are commonly used in the manufacture and production of fraudulent identification.

8. On Wednesday, March 12, 2008, after being advised of and waiving his Miranda rights in the Spanish language, MANRIQUEZ-VAZQUEZ admitted to MPD officers and ICE Agents that

he had been in the business of manufacturing counterfeit identification on his computer for the last 1 ½ to 2 years at the rate of 3 or 4 documents a week, and that the other person living at his residence had no involvement with the counterfeit identification manufacturing.

9.  Based on the foregoing, I submit that there is probable cause to believe that HUMBERTO MANRIQUEZ-VAZQUEZ knowingly possessed a document-making implement, namely a laminating machine, a cutter, and computer hardware and software configured and primarily used for making false identification documents, with the intent that such document-making implement would be used in the production of a false identification document; namely, permanent resident cards that appear to be issued by and under the authority of the United States, in violation of Title 18, United States Code, Section 1028(a)(5).

MICHAEL G. HAUGHT
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to
before me this 13th day of March, 2008,

MARTIN C. ASHMAN
United States Magistrate Judge
Northern Judicial District of Illinois