FILED
7-28-2008
JUL 28 2008
MHW
JUDGE AMY ST. EVE
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 214 |
| vs. ) | Judge Amy J. St. Eve |
| ) | |
| HUMBERTO MANRIQUEZ-VAZQUEZ ) | |

**PLEA AGREEMENT**

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant HUMBERTO MANRIQUEZ-VAZQUEZ, and his attorney, DANIEL J. HESLER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A) and Rule 11(c)(1)(B), as more fully set forth below. The parties to this Agreement have agreed upon the following:

**Charges in This Case**

2. The indictment in this case charges defendant with possession of document making implements in violation of Title 18, United States Code, Section 1028(a)(5) (Count 1), production of a false identification document in violation of Title 18, United States Code, Section 1028(a)(1) (Count 2), and making a false statement in an application for a U.S. passport in violation of Title 18, United States Code, Section 1542 (Count 3).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts 2 and 3 of the indictment. Count 2 charges defendant with knowingly, and without lawful authority, producing false identification documents that appeared to be issued under the authority of the United States in violation of Title 18, United States Code, Section 1028(a)(1). Count 3 charges defendant with knowingly making a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States, for his own use, in violation of Title 18, United States Code, Section 1542. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts 2 and 3 of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant conduct beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

   a. With respect to Count 2 of the indictment: on or about September 18, 2005, at Mundelein, in the Northern District of Illinois, defendant did knowingly, and without lawful authority, produce a false identification document that appeared to be issued

under the authority of the United States, namely, a false permanent resident card in the name of a person herein referred to as Individual A, in violation of 18 U.S.C. Section 1028(a)(1).

More specifically, defendant produced a digital image of a legal permanent resident card utilizing the personal information of Individual A, and stored it on the external hard drive of his computer. After producing this image, he utilized the computer to print out a copy of the false permanent resident card on cardstock designed to look like a United States issued legal permanent resident card and sold it to the individual whose picture he superimposed on the image, who was not Individual A.

b. With respect to Count 3 of the indictment: on or about October 25, 2004, defendant willfully and knowingly made a false statement in an application for a U.S. Passport with the intent to induce and secure the issuance of the U.S. Passport in violation of 18 U.S.C. § 1542. More specifically, on or about October 25, 2004, defendant, fraudulently using the name and personal information of Individual B, applied for a US Passport, representing himself falsely to be Individual B. The defendant was granted a passport in the name of Individual B, which defendant used to travel internationally.

7. Defendant, for purposes of computing his sentence under Guideline §IB1.2(c), stipulates to having committed the following additional offense(s): possessing document making implements in violation of Title 18, United States Code, Section 1028(a)(5).

Specifically, beginning in or around August 2006 and continuing until his arrest on or about March 11, 2008, defendant admits to owning: various false state identifications,

permanent resident cards, and social security cards; a personal computer; additional external hard-drives and flash drives; a digital camera; a scanner; a laminating machine; a cutter for such material; several blank counterfeit permanent resident cards also known as "green cards;" and several pages of notes listing individual names and identifying information. Defendant admits that he possessed these items in order to manufacture false identification, namely various State Identifications, lawful permanent resident cards, and social security cards, which he sold to others for profit.

8. Defendant, for the purposes of computing his sentence under Guideline §1B1.3, admits to the following relevant conduct: beginning roughly in or around 2005 and continuing up until the date of his arrest on or about, March 11, 2008, defendant admits he had been involved in making and selling over 100 false identification documents. Defendant admits that at times he had produced and sold roughly 3 to 5 false identification documents a week, and during other weeks he had produced no false identifications during that period. Defendant initially made false identification documents with a man referred to herein as Individual C, who recruited defendant because of his computer skills and trained the defendant in the production of false identification documents. In approximately the last year before his arrest, however, defendant worked alone after Individual C left for Mexico to attend to a family member. Defendant manufactured these documents, for the most part, in his apartment in Mundelein, Illinois. In his apartment, defendant utilized numerous false identification document implements including: various false state identifications, permanent

resident cards, and social security cards; a personal computer; additional external hard-drives and flash drives; a digital camera; a scanner; a laminating machine; a cutter for such material; several blank counterfeit permanent resident cards also known as "green cards;" and several pages of notes listing individual names and identifying information.

### Maximum Statutory Penalties

9. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

    a. Count 2 carries a maximum sentence of 15 years' imprisonment. Count 2 also carries a maximum fine of $250,000. Defendant further understands that with respect to Count 2, the judge also may impose a term of supervised release of not more than three years.

    b. Count 3 carries a maximum sentence of 10 years' imprisonment. Count 3 also carries a maximum fine of $250,000. Defendant further understands that with respect to Count 3, the judge also may impose a term of supervised release of not more than three years.

    c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

    d. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 25 years' imprisonment. In addition, defendant is subject to a

total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200.

### Sentencing Guidelines Calculations

10. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

11. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points, except as specified below:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

    b. **Offense Level Calculations.**

With respect to Count 2:

        i. The base offense level for the charge in Count 2 of the indictment is 11, pursuant to Guideline §2L2.1(a).

        ii. Because the offense of conviction and relevant conduct involved the production of over 100 documents, the level is increased by 9 pursuant to Guideline §2L2.1(b)(2)(C).

With respect to Count 3:

      iii.    The base offense level for the charge in Count 3 of the indictment is 8, pursuant to Guideline §2L2.2(a).

      iv.    Because defendant's offense involved the use of a fraudulent US Passport, the level is increased by 4 pursuant to Guideline §2L2.2(b)(2)(A).

      v.    Pursuant to Guideline §3D1.2, the offense of Count 2 and the stipulated offense described in paragraph 7 above are grouped together, however, those offenses and that of Count 3 are not grouped together. It is the government's position that the offense level applicable to the former group (Count 2 and the stipulated offense) is 20, and the offense level applicable to the latter group (Count 3) is 12. Pursuant to Guideline §3D1.4, the group with the highest offense level is counted as one unit. Because the offense level for the latter group is 8 levels less serious, the group is counted as one-half unit. Thus, the total number of units is 1 ½. Consequently, the offense level for the group with the highest offense level (20) is increased by 1 level. It is the government's position that the resulting combined offense level is 21. Defendant reserves the right to object to the government's position as set forth above.

      vi.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not

receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    vii. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

   c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal 1 and defendant's criminal history category is I.

   d. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts

and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

    e.  Both parties expressly acknowledge that while none of the Guideline calculations set forth above are binding on the Court or the Probation Office, the parties have agreed pursuant to Fed.R.Crim.P. 11(c)(1)(B) that certain components of those calculations – specifically, those set forth above in subparagraphs b(i), b(ii), b(iv), and c of this paragraph – are binding on the parties, and it shall be a breach of this Plea Agreement for either party to present or advocate a position inconsistent with the agreed calculations set forth in the identified subparagraphs.

    f.  Defendant understands that with the exception of the Guideline provisions identified above as binding on the parties, the Guideline calculations set forth above are non-binding predictions, upon which neither party is entitled to rely, and are not governed by Fed.R.Crim.P. 11(c)(1)(B). Errors in applying or interpreting any of the Sentencing Guidelines (other than those identified above as binding) may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be

affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

12. The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

13. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to this defendant.

### Forfeiture

16. The indictment charges that defendant has subjected real and personal property to forfeiture. Defendant acknowledges that the following property is subject to forfeiture:

10

(a) Hewlett Packard Desktop Computer Serial Number MXK54013QX; (b) one Western Digital External Hard Drive Serial Number WCAPD3337019; (c) one Western Digital External Hard Drive Serial Number WCAPW2172309; (d) one Acer Laptop Computer Serial Number LXE820X0037510F6D62000; (e) one Buslink External Hard Drive Serial Number 2Q4A-2124; (f) one Linksys Thumb Drive Serial Number LCS106113145; (g) Epson Stylus Photo RX595 Printer; (h) one Magnavox monitor Serial Number BZ000546284656; (i) External DVD/RW; (j) external signature pad; (k) seized peripheral connecting cables and equipment; (l) seized computer disks, including compact disks, floppy disks, CD-Rom disks, and zip disks; (m) a digital camera; (n) a scanner; (o) a laminating machine; (p) a cutter for such material; (q) several blank counterfeit permanent resident cards; and (r) $2,194.00 in American Currency, because such property was either the profits from or utilized to facilitate the production of false identification in violation of Title 18 U.S.C. Section 1028(a)(1). By entry of a guilty plea to Count 2 of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

17. Defendant agrees to the entry of a forfeiture judgment against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described property and further agrees to the seizure of this property so that this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

Defendant's interest in the property exists because it was owned and possessed by him at the time of his arrest.

18. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## Presentence Investigation Report/Post-Sentence Supervision

19. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

20. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

21. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

22. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 214.

23. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

13

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

24.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.  **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.  The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after

hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

       iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

       v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

       vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

       vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b. **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

c. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

25. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

26. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

30. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 7/28/08

PATRICK J. FITZGERALD
United States Attorney

HUMBERTO MANRIQUEZ-VAZQUEZ
Defendant

STEPHEN P. BAKER
Assistant U.S. Attorney

DANIEL J. HESLER
Attorney for Defendant